UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
Sprinkle of Jesus, Corp.

       Plaintiff,                                  Case No.:

             -*against*-                 **VERIFIED COMPLAINT**

Kieara Simmons,                              **JURY TRIAL DEMANDED**
       Defendants,
_____X

     Plaintiff, Sprinkle of Jesus, Corp., through their attorney, Keith White, PLLC, as and for their complaint against Kieara Simmons alleges as follows:

## INTRODUCTORY STATEMENT

     1.     This is an action for misappropriation and breach of contract arising from defendant's wrongful retention, publication and use of confidential information and intellectual property, in breach of a confidentiality and Non-Disclosure Agreement entered into with plaintiff.

     2.     Pursuant to those written agreements, executed August 7, 2018, Kieara Simmons (hereinafter "Simmons"), was retained as an independent contractor with Plaintiff.

     3.     Defendant Simmons violated the written agreements and Non-Disclosure Agreement when she shared protected information with the general public and disclosed trade secrets to Plaintiff's former client, Ragan Gilmore.

     4.     Plaintiff Sprinkle of Jesus, Corp. (Sprinkle) organized and existing under the laws of the State of New York and authorized to operate in New York State, with its principal place of business located at 1510 Castle Avenue Suite 335 Bronx, NY 10462. Defendant is an individual with a principal place of residence located at 1348 Carrick Court Middleton, Delaware 19709.

5. Plaintiff is seeking, legal, equitable relief and injunctive relief, including costs, reasonable attorney's fees, compensatory and punitive damages, and injunctive relief so as to render her whole from the damages suffered as a result of the Defendant's violation of the Non-disclosure agreement.

6. Plaintiff demands a Jury Trial.

_____

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and under the Court's pendant jurisdiction to hear claims arising under State and local law. Diversity jurisdiction is established in this case where Plaintiff is domiciled in New York State, Defendant is domiciled in Delaware and the dispute is for an amount in excess of $75,000.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) and Title VII, and 42 U.S.C.A. § 2000e-5(f) as the Plaintiff resides within the district and Defendant conducted business throughout the district.

9. It is respectfully requested that the Court assume supplemental jurisdiction over the state law claims alleged by Plaintiff.

10. The assumption of supplemental jurisdiction by the Court is authorized by 28 U.S.C. § 1367.

**PARTIES**

11. Plaintiff Sprinkle of Jesus, Corp. (Sprinkle) organized and existing under the laws of the State of New York and authorized to operate in New York State, has its principal place of business located at 1510 Castle Avenue Suite 335 Bronx, NY 10462.

12. Defendant is an individual with a principal place of residence located at 1348 Carrick Court Middleton, Delaware 19709.

## STATEMENT OF FACTS

13. On or about August 7, 2018 the parties entered into a non-disclosure agreement (the "Non-Disclosure Agreement"), whereby the Defendant agreed not to disclose Confidential Information. A true copy of the Non-Disclosure Agreement is annexed hereto as Exhibit A.

14. The Non-Disclosure Agreement defines Confidential Information to include the material prepared by Plaintiff including its intellectual property such as business plans, ideas, trade secrets, product plans, products, designs, drawings and business plans among other things.

15. Among other things, Plaintiff and Defendant further agreed in the Non-Disclosure Agreement that:

> due to the unique nature of the disclosing party's Confidential Information, damages would be difficult to ascertain. Accordingly, Plaintiff and Defendant acknowledge that any such violation or threatened violation shall cause irreparable injury to the disclosing party and that in addition to any other remedies that may be available in law, in equity or otherwise, the disclosing party shall be entitled to obtain injunctive relief against the threatened breach of this Agreement of the continuation of any such breach by the receiving party. (Exhibit A, ¶ 2).

16. The commitments of the Non-Disclosure Agreement, by its terms as defined in an Independent Contractor Agreement (annexed here as Exhibit B), is to continue for a period of not less than two (2) years (Exhibit B, ¶ 10).

17. On several occasions, Defendant Simmons violated the Independent Contractor Agreement and the Non-Disclosure Agreement by revealing Plaintiff's trade secrets and Vendor contractors to the general public.

18. Upon Information and Belief, Defendant Simmons shared Plaintiff's vendor list and other information protected by the Non-disclosure Agreement with the general public through social media sites.

19. By reason of the foregoing, the plaintiff has suffered and continues to suffer as a result of the Defendant's actions.

## AS AND FOR THE FIRST CAUSE OF ACTION

### (Misappropriation, Misuse and Conversion of Confidential Information)

20. The foregoing paragraphs are realleged and incorporated by reference herein.

21. On information and belief, Defendant has published and continues to publish the Intellectual Property and Trade Secrets of the Plaintiff, for its own use and benefit, in violation of the Non-Disclosure Agreement and applicable law.

22. By engaging in the conduct described, Defendant has misappropriated, misused, and converted valuable Intellectual Property and Confidential Information of Plaintiff for her own benefit in violation of, among other things, the Non-Disclosure Agreement.

23. Defendant's conduct has been intentional and malicious, and has caused and is causing irreparable harm and damages to Plaintiff, for which there is no adequate remedy at law.

24. Defendant acknowledged in the Non-Disclosure Agreement that the disclosure of said Confidential Information and Intellectual Property will cause irreparable harm and that Plaintiff shall be entitled to injunctive relief.

25. Consequently, Plaintiff is entitled to, among other things, injunctive relief and damages in an amount to be determined at trial.

### AS FOR A SECOND CAUSE OF ACTION

### (Unjust Enrichment))

26. The foregoing paragraphs are realleged and incorporated by reference herein.

27. Defendant, by engaging in the conduct described above, took for herself the benefit of, in addition to Plaintiff's Confidential Information, Plaintiff's time, effort, and Intellectual Property.

28. It would be inequitable for Defendant to retain the benefit of Plaintiff's work, and Plaintiff is entitled to, among other things, injunctive relief and to be compensated by, inter alia, Defendant's disgorgement of monies gained through the use of Plaintiff's work-product and related benefits.

### AS FOR A THIRD CAUSE OF ACTION

### (Breach of Non-Disclosure Agreement)

29. The foregoing paragraphs are realleged and incorporated by reference herein.

30. On or about August 7, 2018 Plaintiff and Defendant entered into the Non-Disclosure Agreement pursuant to which Defendant agreed to refrain from the unauthorized disclosure of Confidential Information.

31. Defendant has defaulted on its obligations under the Non-Disclosure Agreement by disclosing Confidential Information in violation of that agreement.

32. By unauthorized disclosure of the Confidential Information, Defendant has materially breached the Non-Disclosure Agreement.

33. Defendant acknowledged in the Non-Disclosure Agreement that its disclosure of said Confidential Information and Intellectual Property will cause irreparable harm and that Plaintiff shall be entitled to injunctive relief.

34. Defendant's conduct has been intentional and malicious, and has caused and is causing irreparable harm and monetary damages to Plaintiff.

35. Consequently, Plaintiff is entitled to, among other things, injunctive relief and damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff respectfully prays for relief and judgment as follows:

### AS AND FOR THE FIRST CAUSE OF ACTION

1. injunctive relief, including an order to cease and desist in the publication and use of the Intellectual Property,

2. damages in an amount to be determined at trial, with interest thereon,

3. attorneys' fees and costs, and

4. such other relief and the Court may deem just and proper.

### AS AND FOR THE SECOND CAUSE OF ACTION

1. injunctive relief, including an order to cease and desist in the publication and use of the Intellectual Property,

2. disgorgement of monies gained through the use of Plaintiff's work-product and related benefits with interest thereon,

3. attorneys' fees and costs, and

4. such other relief as the Court may deem just and proper.

### AS AND FOR THE THIRD CAUSE OF ACTION

1. injunctive relief, including an order to cease and desist in the publication and use of the Intellectual Property and trade secrets,

2. attorneys' fees and costs, and

3. such other relief as the Court may deem just and proper.

Dated: May 26, 2018

      Brooklyn, NY                      By:     __/s/ Keith White_____

                                                  KEITH WHITE, PLLC
*Attorneys for Plaintiff*
*SPRINKLE OF JESUS, CORP.*
198A Rogers Avenue
Brooklyn, NY 11225
718-403-9261